DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

### 𝕹𝖔𝖛𝖊𝖒𝖇𝖊𝖗, 1885.

---

## EUNICE CURTISS, Appellant, v. JOHN J. BARRUS, Respondent.

#### *Gift—when it is a gift* causa mortis *and not* inter vivos.

The plaintiff, a widow about eighty years of age, without relatives nearer than nephews and nieces, in March, 1880, entered into a written agreement with the defendant, a nephew, by which she agreed to sell to him a farm owned by her for $2,230, he agreeing to pay interest on that sum on April first of each year as long as the plaintiff lived, and on the first of April succeeding her death, and thereafter $200 and interest annually until the whole sum should be paid. On May 8, 1883, the plaintiff being very sick and expecting to die executed a warranty deed of the premises and delivered it to a third person with directions to deliver it to the defendant after her death. On May 22, 1883, the plaintiff, being annoyed by the remonstrances and objections of other nephews and nieces, directed the third person to deliver the deed to the defendant, and the deed was, on May twenty-fourth, delivered to him and by him recorded.

*Held,* that the gift was *causa mortis* and not *inter vivos,* and was revoked by the plaintiff's recovery from her sickness.

APPEAL from a judgment, entered upon a decision at Special Term, dismissing the complaint in an action brought to compel the defendant to restore to the plaintiff her interest in certain land.

March 20, 1880, the plaintiff being the owner of fifty-one acres of land, contracted in writing to sell it to defendant for $2,230, payable as follows: Interest on each first day of April during plaintiff's life, and on the first day of April succeeding her death; and

after that, $200 and interest annually until the whole sum should be paid. The contract further provided that no part of the principal should become due under six years, even though the plaintiff died before. The defendant had the right of immediate possession.

The plaintiff is a widow, upwards of eighty years of age, without relatives nearer than nephews and nieces. Defendant is one of several nephews.

Besides this farm, the plaintiff had between $3,000 and $6,000 of property. The defendant has paid less than $100 on the contract. May 8, 1883, the plaintiff being very sick and expecting to die, executed a warranty deed of the premises to defendant, and delivered it to a third person with directions to deliver it to defendant at her death. Other nephews and nieces of the plaintiff were greatly dissatisfied with this disposition of the farm, and annoyed the plaintiff in respect to it. At last, May 22, 1883, the plaintiff directed the third person to deliver the deed to the defendant, which was done on the twenty-fourth of the same month, and recorded on the same day.

The plaintiff recovered from her sickness, and asked the defendant to secure the payment of the purchase-price, specified in the contract and recited as the consideration of the deed, by a mortgage upon the farm, which he refused to do, and claimed to own the farm free and clear from all claims of the plaintiff.

The Special Term found that the transaction was a gift *inter vivos*, and that defendant acquired the absolute title, free from all claims of the plaintiff.

*Avery & Merry*, for the appellant.

*T. K. & L. E. Fuller*, for the respondent.

FOLLETT, J.:

The finding of the Special Term that the transaction was a gift *inter vivos*, of the farm, which was not revoked by the donor's restoration to health, is not sustained by the evidence. The donee and all of the witnesses agree that the deed was executed by the donor when very sick and under apprehension of death, and was delivered to a third person with directions to deliver it to the donee upon the donor's death. This was a gift *causa mortis*. (*Champney* v.

*Blanchard,* 39 N. Y., 111; *Grymes* v. *Hone,* 49 id., 17; *Hathaway* v. *Payne,* 34 id., 92.) The subsequent delivery of the deed to the donee by the donor's direction did not, of itself, convert the gift *causa mortis* into a gift *inter vivos.* To constitute a valid gift of either kind, the parting with the property by the donor must be absolute in form and accompanied by a delivery of the thing given. Had the donor, in the first instance, delivered this deed to the donee instead of to the third person, the donor's recovery from that sickness would have revoked the deed. The chief distinction between a gift *inter vivos* and a gift *causa mortis* is that the former is irrevocable, while the latter is revocable, and the donor's recovery from peril operates *per se* as a revocation of the gift. (3 Pom. Eq. Jur., § 1150; Story's Eq. Jur., §§ 606–608; *Basket* v. *Hassell,* 107 U. S., 602.) There is no evidence of anything said or done by the donor between the delivery of the deed to the third person and its delivery to the donee, indicating that she had changed her purpose so clearly declared to have the deed take effect only in the event of her death. All of the donor's subsequent acts in respect to this and her other property indicate that she made these dispositions of this farm and of her other property in apprehension of death from the sickness with which she was then suffering.

The attempt to raise a consideration for this grant by proving the delivery of two chickens by the grantee to the grantor in her sickness, and so create an irrevocable grant, does not strengthen the defendant's case in law or equity.

The judgment is reversed and a new trial ordered, with costs to abide the event.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment reversed and new trial ordered, costs to abide event.